## SHEAR vs. HART, Sheriff of Monroe.

### SAME vs. SAME.

Where Defendant moved to change the venue, and his notice of motion also contained the general prayer, for such other and further order of relief &c.; *held,* that the notice was not sufficient to entitle the Defendant to an order for a change of the place of trial; such notice and such other or further relief," not being adapted to the case made upon the papers.

*September Special Term. Albany county.*—The Defendant moved to change the place of trial in these causes from Albany to Monroe. He swore to the materiality of *fourteen* witnesses in Monroe in the usual form, without showing in any way how they could be material. The suit was against the Defendant as sheriff of Monroe, for not collecting or returning an execution. The notice of motion was " *to change the venue or for such other or further rule or order as the court may deem proper to grant.* It was objected by the Plaintiff that the notice being for a change of ve-

nue, and not for a rule ordering the trial to be had in the county of Monroe was insufficient. The Defendant insisted that he was entitled to the rule he sought, under the general clause in his notice, asking for "such other or further rule or order as the court may deem proper to grant."

O. ALLEN, *for Deft.*

J. I. BURTON, *for Plff.*

HARRIS, Justice.—It is true, that no particular form of a notice is necessary. It is enough if it point out distinctly the relief sought, although for more abundant caution it is proper to add to the notice of the specific relief sought, the general clause by which the moving party asks for such other or further rule or order as the court may think proper to grant; yet such *other or further relief"* is only granted when it is adapted to the case made by the papers on both sides. The specific notice should be so distinct, that if the motion is granted by default the rule to be entered upon the notice merely, would be such as the case made by the papers upon which the motion is founded would justify. Thus if a party move for judgment as in case of non-suit, when the affidavit upon which he relies shows a case for a rule, to order the trial of the cause to be had in a different county from that in which the venue is laid, he ought not to be permitted to avail himself of the *general relief clause* in his notice to cure the defect.

The chief advantage of the clause asking for general relief is not to relieve the party from his own mistake in asking for a rule which his own papers show he is not entitled to, but to enable the court to adapt the relief granted to the whole case as made by both parties. Applying these rules to the notice in this case, it is clearly insufficient. The Defendant asks for a change of venue. If the motion had been granted by default, the rule would have been to change the venue, and the effect of the rule, to transfer the papers contrary to the provisions of the Judiciary Act in relation to the venue of actions.

The motion must therefore be denied; but as the suits are brought against a public officer for neglect of duty, though the case made by him is far from being a strong one, I am inclined to grant him leave to renew the motion.